UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 13-399 DMG (MANx)** | Date | January 31, 2013 |

| | |
|---|---|
| Title *RAC Development, Inc. v. Jose Danilo, et al.* | Page 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On June 28, 2012, Plaintiff RAC Development, Inc. filed a Complaint in Los Angeles County Superior Court for unlawful detainer against Defendant Jose Danilo [Doc. # 1]. The Complaint alleges that Plaintiff acquired title to the property where Defendant resides following foreclosure proceedings on or about June 12, 2012. (Compl. ¶ 5.) On June 20, 2012, Plaintiff caused to be served on Defendant Danilo a three-day notice to quit, but Defendant has failed to deliver possession of the property to date. (*Id.* at ¶¶ 6-8.)

Defendant Danilo filed a Notice of Removal on January 18, 2013 pursuant to 28 U.S.C. § 1443 arguing that the unlawful detainer action was carried out in violation of due process and equal protection [Doc. #1]. The Complaint, however, raises no federal question. Federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009). Moreover, removal is improper on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), as both parties appear to be citizens of California. (Compl. ¶¶ 1-2.) Additionally, it appears that removal was untimely because Defendant Danilo waited more than 30 days to file the Notice of Removal. *See* 28 U.S.C. § 1446(b).

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-399 DMG (MANx) | Date | January 31, 2013 |
| Title | *RAC Development, Inc. v. Jose Danilo, et al.* | Page | 2 of 2 |

    Because Defendant Danilo has not established a basis for removal jurisdiction on the face of the Notice of Removal, this action is hereby **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**